**Margo REAGAN, et al., Plaintiffs, Appellees,**

v.

**RACAL MORTGAGE, INC., et al., Defendants, Appellants.**

No. 97–1676.

United States Court of Appeals, First Circuit.

Heard Oct. 8, 1997.

Decided Sept. 11, 1998.

Richard L. O'Meara, with whom Charles P. Piacentini, Jr. and Murray, Plumb & Murray were on brief, for appellants.

Kurt E. Olafsen, with whom Olafsen & Butterfield was on brief, for appellees St. Jean, et al.

John G. Connor, with whom Law Office of John G. Connor was on brief, for appellee Bruce Goulette.

Before TORRUELLA, Chief Judge, LYNCH, Circuit Judge, and STEARNS,* District Judge.

PER CURIAM.

In 1995, the plaintiffs filed their complaints against Racal Mortgage, Inc. in which they sought sanctions against Racal under Me. Rev.Stat. Ann. tit. 9–A, § 9–405(4) for making unauthorized supervised loans. In our previous opinion in this case, we reviewed the procedural background of the case, and the legal issues involved. *See Reagan v. Racal Mortgage, Inc.*, 135 F.3d 37 (1st Cir.1998). To summarize, Racal had issued table-funded mortgage loans to the plaintiffs in its own name.[1] The Maine Consumer Credit Code requires that a lender be licensed in order to make supervised loans, such as mortgage loans. *See* Me.Rev.Stat. Ann. tit. 9–A, § 2–301. Racal, however, was registered in Maine as a credit services organization, not as a supervised financial organization or licensed lender. Accordingly, the district court entered summary judgment for the plaintiffs on this issue, holding that the loans that Racal had issued to the plaintiffs had been made in violation of the Maine Consum-

---

* Of the District of Massachusetts, sitting by designation.

1. As we explained in our previous opinion, table-funded loans are those in which a third party, in this case the Chemical Residential Mortgage Corporation, provided the funds for the loan. After the loans are closed, they are immediately assigned to the third party.

er Credit Code. *See St. Jean v. Racal Mortgage, Inc.,* 952 F.Supp. 22, 31 (D.Me.1997).

It is conceded by all parties involved that the Code "penalizes a creditor who violates the regulations pertaining to the making of supervised loans by relieving the debtor from the obligation to pay certain loan charges." *Reagan,* 135 F.3d at 39. The penalty provisions of the Code, however, were amended in 1994 —after Racal had issued the loans, but before the instant suit was filed in the district court. A dispute arose as to which version of the penalty provisions should apply to Racal's violation of the Maine Consumer Credit Code. The choice is of great consequence, because the 1994 amendment changed both the circumstances under which the penalty would be imposed and the magnitude of the penalty. Prior to 1994, the penalty was the forfeiture of all interest due under the loan, but the creditor could avoid the imposition of the penalty by showing that "the violation was unintentional or the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such violations or error." Me.Rev.Stat. Ann. tit. 9–A, § 9–405(7) (West Supp.1992). The 1994 amendments, however, "limit[ed] the penalty to recovery of the application fee, prepaid finance charges, closing costs, and the finance charges for the first twelve months of the loan," but at the same time, eliminated the affirmative defense at section 9–405(7). 135 F.3d at 39.

The plaintiffs contended that under both the Maine general savings statute, Me.Rev. Stat. Ann. tit. 1, § 302 (1997), and Maine common law, the 1994 amendment could not be applied retroactively to their complaint against Racal. *See generally Racal,* 135 F.3d at 41–44 (discussing the parties' arguments regarding the retroactivity of the amendment). The district court agreed, and based on section 302, held that the 1994 amendment was inapplicable to this case because the penalties provided by the pre–1994 version of section 9–405(4) had been incurred before the amendment took effect. In response, Racal argued that even if the older version of the Code were applicable, no penalties should be imposed because any violation of the Code that it might have commit-

ted had been an unintentional or bona fide error. *See* Me.Rev.Stat. Ann. tit. 9–A, § 9–405(7). In particular, Racal argued that it had not understood Maine law to prohibit credit services organizations from making table-funded mortgage loans, as opposed to issuing self-funded mortgage loans. The district court, however, rejected the proffered defense. The court found that any error committed by Racal would have been an error of law, which the court held as a matter of law could not support a finding of unintentional or bona fide error for purposes of section 9–405(7).

On appeal, Racal challenged the district court's entry of summary judgment on three different grounds. First, Racal contended that it had not violated the Code, but we affirmed the district court on this point. *See Reagan,* 135 F.3d at 41. Second, Racal argued that the district court had erred in holding that penalty provisions applicable were those provided by the pre–1994 version of the Code. Third, Racal asserted that the district court erred in holding that, as a matter of law, a lender's ignorance of the law could not support a finding of unintentional or bona fide error for purposes of section 9–405(7). Finding insufficient guidance in Maine statutory and case law, however, we certified to the Supreme Judicial Court of Maine the following questions:

I. For purposes of Me.Rev.Stat. Ann. tit. 1, § 302, does a violation of Maine Consumer Credit Code section 9–405(4) constitute a "penalty" incurred at the moment the violation occurred?

II. If the answer to Question I is no, do the 1994 amendments to the Maine Consumer Credit Code have retroactive effect under the common law of Maine?

III. If the answer to Question I is yes, or the answer to Question II is no, can an error of law constitute a "bona fide error" for purposes of Maine Consumer Credit Code section 9–405(7)?

*Racal,* 135 F.3d at 46.

The Maine Supreme Judicial Court has responded, answering the first certified question in the affirmative. *See Reagan v. Racal Mortgage, Inc.,* 715 A.2d 925, 929 (Me.1998).

Consequently, the second question became moot and required no answer.

The Supreme Judicial Court, however, also stated that it was unable to provide a definitive answer to the third question because the question did "not specify any particular error of law, and thus present[ed] unresolved issues of fact." *Id.* Although the Supreme Judicial Court's answer does not explicitly state so, we interpret it to mean that errors of law are not categorically excluded from being unintentional or bona fide errors for purposes of section 9–405(7). Thus, depending on the facts of the case, a lender's alleged error of law could be found to have been an unintentional or bona fide error. Our conclusion is compelled by the fact that the Supreme Judicial Court saw the existence of unresolved issues of fact as preventing it from providing a final answer to our question. Had the Court read section 9–405(7) to exclude the possibility of errors of law being found to be unintentional or bona fide errors, the existence of issues of fact would have been considered irrelevant.

In view of the Supreme Judicial Court's answer, we vacate the summary judgment entered by the district court, and remand for further factual determinations on the issue of the section 9–405(7) affirmative defense. In particular, although the 1992 version of the Code is applicable, the penalties provided by section 9–405(4) should not be imposed unless it is determined as a matter of fact that Racal's error was not unintentional or the result of a bona fide error of law.

*Vacated and remanded.*